IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE SANTANA MEDRANO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-2570 |
| | § | |
| HOME DEPOT INTERNATIONAL, INC. | § | |
| AND HOME DEPOT USA, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Jose Santana Medrano, slipped and fell on a wet floor while shopping at a Home Depot store in Houston, Texas. Mr. Medrano sued Home Depot International, Inc. and Home Depot USA, Inc., asserting negligence claims and seeking damages for back injuries. Based on a careful review of the motion, response, reply, surreply, and sur-surreply; the record; and the relevant law, Home Depot's summary judgment motion is granted. The reasons are set out below.

**I.     Background**

In September 2014, Mr. Medrano entered a Home Depot store in Houston, Texas. (Docket Entry No. 23, Ex. 1). He slipped on water near the front service desk and injured his back and hips. (Docket Entry No. 25, Ex. 3 at 6).

Cinthia Delgado, a Home Depot employee who witnessed the incident, stated in her affidavit that Mr. Medrano was walking behind a floor-cleaning machine operated by Prestige Maintenance USA, which Home Depot has designated as a responsible third party under Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2014); (Docket Entry No. 23, Ex. 2 at 1). Ms. Delgado stated that the floor-cleaning machine "uses water to clean the floor." (Docket Entry No.

23, Ex. 2 at 1). She saw that Mr. Medrano "had slipped on the watery residue that was left behind by the floor cleaning machine." (*Id.*). Ms. Delgado prepared an incident report that Mr. Medrano signed immediately after the incident. (*Id.*, Ex. 1). Mr. Medrano later stated that he could not read English and had signed the form without having it read to him. (Docket Entry No. 25, Ex. 1 at 1). Mr. Medrano stated that he slipped on a "2 foot x 3 foot puddle of water" near the service desk, (*id.*), and that it had been raining that day.[1] (*Id.*, Ex. 3 at 6). He stated that he did not see a floor-cleaning machine and saw no signs or mats near the service desk where he fell. (*Id.*, Ex. 1 at 2).

Mr. Medrano sued Home Depot International, Inc. and Home Depot USA, Inc. under a premises-liability theory. (Docket Entry No. 19). After discovery, the Home Depot defendants moved for summary judgment. (Docket Entry No. 23). Mr. Medrano responded, Home Depot replied, Mr. Medrano filed a surreply, and Home Depot responded to the surreply. (Docket Entry Nos. 25, 27, 29, 30).[2] Each argument is analyzed under the applicable legal standards.

## II. The Applicable Legal Standards

### A. Summary Judgment

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)

---

[1] Mr. Medrano stated that "it was raining outside and the floor at the store was wet . . . ." (*Id.*). Although he did not state that the rain caused the wet floor, he implied it. This ambiguity is immaterial; the outcome is the same whether the wet floor was caused by rain or the floor-cleaning machine.

[2] Home Depot objected to Mr. Medrano's response to its summary judgment motion and his affidavit as untimely. The objections are overruled.

(quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical

doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

### B. Premises Liability

Under Texas law, a property owner owes an invitee a duty to protect the invitee from dangerous conditions that are known or reasonably discoverable. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The property owner is not, however, an insurer of the invitee's safety. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). A plaintiff asserting premises liability must show that: (1) the owner or occupier had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *CMH Homes*, 15 S.W.3d at 99. "A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece*, 81 S.W.3d at 814.

### III. Analysis

To avoid summary judgment, Mr. Medrano must point to evidence supporting the inference that Home Depot had actual or constructive knowledge of the water on the floor. *See Reece*, 81 S.W.3d at 814. Mr. Medrano argues that Home Depot had actual knowledge of the water. He

4

points to Ms. Delgado's affidavit statement that after she saw Mr. Medrano fall and went to help him, she saw that he had slipped on the "watery residue that was left behind by the floor cleaning machine." (Docket Entry No. 23, Ex. 2 at 1). But what Ms. Delgado saw and knew after Mr. Medrano fell is not evidence of what she knew at the time of or before the fall. *See The Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 118 (Tex. 2010).

Ms. Delgado also stated that she saw the floor-cleaning machine pass by the area before Mr. Medrano fell. (Docket Entry No. 23, Ex. B at 1). She knew that the machine used water to clean the floor. (*Id.*). Mr. Medrano argues that the court can infer that Ms. Delgado had actual knowledge that the machine had left a puddle of water on the floor. This argument piles inference on inference. The fact that Ms. Delgado knew that the machine used water to clean the floor is not evidence that she knew that the machine had left water where it has passed. Nor is it evidence that she knew of the "2 foot x 3 foot puddle of water" that Mr. Medrano contends caused him to fall. (Docket Entry No. 25, Ex. 1). There is no evidence that Ms. Delgado or any other Home Depot employee had actual knowledge that there was water on the floor. Hypothetical knowledge of a dangerous condition is not actual knowledge. *Hayes*, 327 S.W.3d at 117.

Mr. Medrano may also avoid summary judgment by pointing to evidence that Home Depot had constructive knowledge by showing that it is more likely than not that the condition existed long enough to give the owner a reasonable opportunity to discover it. *See Reece*, 81 S.W.3d at 814. Texas courts evaluate constructive knowledge by examining how conspicuous the hazard was, how close the employees were to the hazard, and how long the hazard was in place. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). The liquid at issue here was clear water, making it relatively inconspicuous. *Compare Reece*, 81 S.W.3d at 816 (a large puddle of dark liquid on a light floor could shorten the time in which the premises owner should have discovered the hazard);

5

with *Granados v. Wal–Mart Stores, Inc.*, 653 F. App'x. 366, 370 (5th Cir. 2016) (a clear spill on a light-colored floor was not so conspicuous as to shorten the time in which the premises owner reasonably could have discovered the hazard). Ms. Delgado was at the front service desk near where Mr. Medrano fell, but he has neither presented nor pointed to evidence that Ms. Delgado could see water on the floor from her vantage point. The proximity of employees is by itself insufficient to raise a factual dispute as to whether the premises owner had constructive knowledge of the condition. *See Reece*, 81 S.W.3d at 816 n.1 (disapproving cases to the extent they suggest proximity alone is enough for constructive notice). And Mr. Medrano has neither identified nor provided evidence of how long the water was on the floor. "[T]here must be some proof of how long the hazard was there before liability can be imposed . . . ." *Id.* at 816.

Construing the evidence in the light most favorable to Mr. Medrano, he has failed to show that a reasonable juror could conclude that Home Depot had actual or constructive knowledge of the water he alleged caused his fall and injury. *See Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 894 (5th Cir. 2015). Home Depot's summary judgment motion is granted.

**IV. Conclusion**

Home Depot's summary judgment motion, (Docket Entry No. 23), is granted. Final judgment is entered by separate order.

SIGNED on June 16, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge